# EXHIBIT 1

# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: CRAIG CAMPBELL**

County: **02**  Case Number: **CV-2021-901918.00**  Court Action:
Style: **PALOMAR SPECIALTY INSURANCE COMPANY V. L&T ENTERPRISES, LLC**

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 10/27/2021 4:16:36 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 10/27/2021 4:16:36 PM | 2 | COMPLAINT | | 6 |
| 10/27/2021 4:16:56 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 10/27/2021 4:16:56 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 11/5/2021 8:36:47 AM | 5 | ORDER | PRETRIAL ORDER | 3 |
| 11/5/2021 8:36:52 AM | 6 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 11/15/2021 9:46:58 AM | 7 | RETURN ON SERVICE - SERVED | Affidavit of Service on L&T Enterprises, LLC | 1 |
| 11/15/2021 9:48:49 AM | 8 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

**END OF THE REPORT**

DOCUMENT 1

ELECTRONICALLY FILED
10/27/2021 4:16 PM
02-CV-2021-901918.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>02-<br><br>Date of Filing:<br>10/27/2021 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**PALOMAR SPECIALTY INSURANCE COMPANY v. L&T ENTERPRISES, LLC**

**First Plaintiff:** ☑ Business  ☐ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER
           R ☐ REMANDED                T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** TER029          10/27/2021 4:16:26 PM          /s/ DAVID ASHCROFT TERRY
                                   Date                           Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES  ☐ NO



ELECTRONICALLY FILED
10/27/2021 4:16 PM
02-CV-2021-901918.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT
OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| PALOMAR SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.: _____ |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| L&T ENTERPRISES, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Palomar Specialty Insurance Co. a/s/o Shree Sadguru Hospitality Inc. (d/b/a Courtyard Marriott Mobile) hereby sues L&T Enterprises LLC, alleging as follows:

### PARTIES

1.      Plaintiff herein, Palomar Specialty Insurance Company (hereinafter "Palomar") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in La Jolla, California, and at all times hereinafter was authorized to do business in the State of Alabama as an insurance company.

2.      Defendant herein, L&T Enterprises LLC, d/b/a ServPro of Clayton/Ladue and ServPro of Oakville/Mehlville (hereinafter "ServPro"), is a limited liability company duly organized and existing under the laws of the State of Missouri with its principal place of business located in St. Louis, Missouri.

LEGAL\54897448\1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $20,000.00, exclusive of interests and costs.

4. This Court has personal jurisdiction over ServPro because the action arose out of ServPro operating, conducting, engaging in, supplying, and/or carrying on business activities in Alabama and because Defendant's tortious conduct caused damages in Alabama.

5. Venue is proper in this Court because the tortious acts, omissions, and/or injuries complained of herein occurred in Mobile County, Alabama.

## FACTS

6. At all times material hereto Plaintiff Palomar provided insurance coverage to Shree Sadguru Hospitality Inc. d/b/a Courtyard Marriott Mobile (hereinafter "Shree Sadguru") at 1000 West Interstate 65 Service Rd. S, Mobile, AL 36609 (hereinafter "the property").

7. At all times material hereto, the property was the site of a 15,500 square-foot three-story hotel constructed in 1994, housing approximately 78 guest rooms.

8. On September 15, 2020, Hurricane Sally made landfall approximately 40 miles away from the property, causing limited damage to the property.

9. Shree Sadguru submitted a claim to Palomar for damages related to Hurricane Sally.

10. Shree Sadguru contracted with ServPro to provide remediation services for the damaged property.

11. On September 20, 2020, ServPro began remediation and demolition work at the property for water damage allegedly caused by Hurricane Sally.

12. On October 28, 2020, Hurricane Zeta made landfall near the hotel.

13. Rainfall from Hurricane Zeta in close proximity to the hotel was reported at less than 2 inches.

14. Shree Sadguru claimed additional damages related to Hurricane Zeta. Palomar had not yet closed the claim raised from the damages caused by Hurricane Sally, so Palomar adjusted the original claim to include the new damages caused by Zeta.

15. Servpro continued to perform remediation and demolition work allegedly caused by Hurricanes Sally and Zeta.

16. ServPro's work eventually encompassed gutting virtually the entire hotel down to the studs.

17. In the course of adjusting the claims related to Hurricanes Sally and Zeta, Palomar determined that the scope of the demolition conducted by ServPro was not commensurate with the limited amount of water damage that the property suffered from the hurricanes.

18. Palomar settled Shree Sadguru's insurance claims for property damage and business interruption losses allegedly attributable to both hurricanes for $6,150,000.00.

19. Palomar is subrogated to the rights of Shree Sadguru to the extent of the payments it made to Shree Sadguru, and is legally entitled to seek reimbursement for the aforementioned property damage and business interruption loss from the parties responsible for causing the damage.

## COUNT I – NEGLIGENCE

20. At all times material to this Complaint, ServPro owed to Shree Sadguru the duty to use reasonable care in performing its remediation and demolition work at the property so as not to cause additional injury or damage to the property.

21. The demolition performed by ServPro was in excess of what was required to remediate the limited water damage to the property caused by Hurricanes Sally and Zeta, caused additional damage to the property, and resulted in a larger expense than what was necessary to restore the property to its condition as it had existed before Hurricanes Sally and Zeta.

22. ServPro breached its duty to use reasonable care in performing remediation and demolition work at the hotel in one or more of the following ways:

   a. Failing to adequately assess the scope of the project;

   b. Failing to follow industry-accepted methodology in determining how much demolition was required;

   c. Failing to adequately supervise and manage the project;

   d. Failing to employ agents, servants, subcontractors and/or employees with proper knowledge, training and experience to properly conduct the demolition and restoration work;

   e. Allowing its agents, servants, subcontractors, and/or employees to improperly demolish the structure in excess of what was required to address the existing moisture issues;

   f. Failing to perform its work and services in a good and workmanlike manner in accordance with applicable industry standards and customs; and

   g. Otherwise failing to use reasonable care under the circumstances.

23. As a direct and proximate result of ServPro's negligence, gross negligence, carelessness, and recklessness, Shree Sadguru and Palomar sustained damages in excess of $1 million.

4

Case 1:21-cv-00516-WS-N   Document 1-1   Filed 11/30/21   Page 8 of 14    PageID #: 12
DOCUMENT 2

## COUNT II – NEGLIGENT MISREPRESENTATION

24. Shree Sadguru entered into a contractual relationship with ServPro to restore the property following Hurricane Sally and Hurricane Zeta.

25. ServPro negligently, carelessly, and/or wrongly evaluated the scope of demolition work necessary to restore the property.

26. Shree Sadguru relied on ServPro's assessments regarding the scope of the project and hired ServPro to perform the work.

27. Shree Sadguru's reliance on ServPro's assessments regarding the extent of demolition required was reasonable under the circumstances given ServPro's ostensible expertise and experience in the field.

28. The remediation and demolition work required to return the property to its condition as it had existed before Hurricanes Sally and Zeta was not nearly as extensive as what ServPro actually performed.

29. The excess demolition performed by ServPro caused additional damages to the property.

30. ServPro's negligent misrepresentation regarding the demolition and restoration of the property actually and proximately caused injury to Shree Sadguru and Palomar in an amount in excess of $1 million.

WHEREFORE, Plaintiff Palomar Specialty Insurance Company, demands judgment against Defendant L&T Enterprises LLC, d/b/a ServPro of Clayton/Ladue and ServPro of Oakville/Mehlville in an amount in excess of $1 million together with interest, the cost of this action, attorney's fees, and such other further relief as this Court deems just and proper.

5
LEGAL\54897448\1

Respectfully submitted this 27th day of October, 2021.

/s/David A. Terry
David A. Terry (TER029)
Alabama Bar No. 1031T42R
David M. Bessho
*Pro Hac Vice Motion To Be Filed*
**COZEN O'CONNOR**
1230 Peachtree Street, N.E.
The Promenade, Suite 400
Atlanta, Georgia 30309
Telephone: (404) 572-2016
Facsimile: (404) 572-2199
E-mail:   dterry@cozen.com;
          dbessho@cozen.com

*Attorneys for Plaintiff*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>- CIVIL - | **Court Case Number**<br>02-CV-2021-901918.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### PALOMAR SPECIALTY INSURANCE COMPANY V. L&T ENTERPRISES, LLC

**NOTICE TO:** L&T ENTERPRISES, LLC, C/O AARON G. WEISHAAR, RA 800 MARKET STREET, SAINT LOUIS, MO 63101

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), DAVID ASHCROFT TERRY,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1230 PEACHTREE ST NE, SUITE 400, ATLANTA, GA 30309.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/27/2021 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.   _____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____.

*(Name of Person Served)*   *(Name of County)*

*(Date)*

_____   _____
*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____
*(Server's Printed Name)*   *(Phone Number of Server)*

Revised 4-1-99; 11-1-99; 11-3-05

ELECTRONICALLY FILED
11/5/2021 8:36 AM
02-CV-2021-901918.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

_____  *
_____  *
            Plaintiff,           *
                                 *  CIVIL ACTION NO. _____
VS.                              *
                                 *
_____  *
_____  *
            Defendant.           *

### GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. **EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE GENERALLY**

   a.  Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

   b.  Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

   c.  Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2. **DOCTOR, HOSPITAL AND MEDICAL EXPENSES**

   a.  If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

   b.  Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

   c.  The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3. **SPECIAL DAMAGES**

    a. All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

    b. Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4. **AGENCY-TIME AND PLACE-DUTY**

    a. Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5. **EXPERTS**

    a. Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

    b. Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

    c. Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

    d. Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6. **DISCOVERY**

Discovery shall be completed 30 days prior to the trial date. On written motion for good cause shown, the court may allow discovery within this 30-day period.

7. **JURY INSTRUCTIONS**

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

8. **JURY SELECTION**

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

### 9. DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

### 10. MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

### 11. CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, Michael A. Youngpeter

DOCUMENT 7

ELECTRONICALLY FILED
11/15/2021 9:46 AM
02-CV-2021-901918.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## AFFIDAVIT OF SERVICE

**State of Alabama**   **County of Mobile**   **Circuit Court**

Case Number: 02-CV-2021-901918.00

Petitioner: **Palomar Specialty Insurance Company**
vs.
Defendant: **L & T Enterprises, LLC**

For: David Terry
Cozen O'Connor

Received by Ancillary Legal Corporation on the 28th day of October, 2021 at 10:19 am to be served on **L&T Enterprises, LLC c/o Aaron G. Weishaar, registered agent, 800 Market St., St. Louis, MO 63101**. I, Marybeth Rice, being duly sworn, depose and say that on the _2_ day of November, 2021 at 2:43 p.m., executed service by delivering a true copy of the **Notice of Electronic Filing, Summons, Return on Service, Cover Sheet, Complaint, Summons (Service Return Copy)** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

(X) CORPORATE SERVICE: By serving Judy Manasco as Office Manager for Aaron G. Weishaar.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( ) NON SERVICE: For the reason detailed in the Comments below.

Age 55 SEX M (F) Race White Height 5'6" Weight 175-180 Hair Grey Glasses Y N
COMMENTS: _____

Age ___ Sex M F Race ___ Height ___ Weight ___ Hair ___ Glasses Y N

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 8th day of November, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

SAMANTHA LYNNE CLARK
Notary Public - Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: July 27, 2024
Commission # 20234881

PROCESS SERVER # 301
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: 2021011610
Ref: Palomar Specialty Insurance Company

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2e